J-A34041-14

2015 PA Super 131

| ALEXANDRA AND DEVIN TREXLER, HUSBAND AND WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| MCDONALD'S CORPORATION | |
| Appellee | No. 903 MDA 2014 |

Appeal from the Order Entered May 2, 2014
In the Court of Common Pleas of Schuylkill County
Civil Division at No: S-596-2012

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, and STABILE, JJ.

OPINION BY STABILE, J.:                          **FILED JUNE 03, 2015**

Appellants, Alexandra and Devin Trexler, appeal from the May 2, 2014 order sustaining the preliminary objections of Appellee, McDonald's Corporation. We affirm.

The sole question before this Court is whether the trial court erred in finding that Appellants failed to serve process on Appellee. We will begin with a detailed review of the procedural history and pleadings. This litigation arose from Alexandra Trexler's February 11, 2011 slip and fall accident at a McDonald's restaurant located at the intersection of Route 61 and Tunnel Road in Pottsville, Pennsylvania (the "Pottsville McDonald's"). Appellants filed a complaint on March 21, 2012 naming Appellee as a defendant and alleging Appellee was negligent in allowing a slippery condition to exist on

the floor of the Pottsville McDonald's. Appellants served the complaint on the manager of the Pottsville McDonald's. On April 25, 2012, Appellee, through its counsel, filed preliminary objections alleging improper service. Appellants filed an amended complaint on May 16, 2012. On August 17, 2012, the trial court entered an order dismissing Appellee's preliminary objections as moot in light of the amended complaint.

On April 19, 2013, more than eleven months after the amended complaint was filed, Appellee once again filed preliminary objections. Appellee alleged its counsel never agreed to accept service of the amended complaint on behalf of Appellee. Preliminary Objections to Plaintiffs' Amended Complaint, 4/19/13, at ¶ 6. In support of that assertion, Appellee attached a series of emails between Appellee's counsel and Appellants' counsel.

The first email, sent from Appellants' counsel to Appellee's counsel on May 2, 2012, reads as follows:

> I am in receipt of your P.O.'s related to service of process. While I disagree with your position I would like to avoid unnecessary motion practice and would ask you to accept service of the complaint for your client. There is plenty of time under the SOL so if necessary I can effectuate service assuming the Court rules in your favor. I think it would be better if we work together and get discovery going.

*Id.* at Exhibit B.

Appellee's counsel responded on May 11, 2012:

I am not authorized to accept service. Sorry.

*Id.*

On May 16, 2012, Appellants' counsel responded to Appellee's counsel:

Thank you for the response. I will advise my client and will extend the same courtesies to your client during this litigation.

*Id.*

Later the same day, Appellee's counsel wrote:

Service of process is not an issue of professional courtesy. This is not the same as needing some extra time on an answer, brief, or discovery responses.

McDonald's does not let anyone accept service for them. It has nothing to do with you or me.

*Id.*

Appellee's preliminary objections to the amended complaint also attached a May 29, 2012 email from Appellee's counsel to Appellants' counsel discussing substitution of the franchise owner as the defendant:

I have tried to call you regarding the above. I have had communications with McDonalds [sic]. Please see attached affidavit.

I would like to talk to you about substituting the franchise owner for McDonalds [sic]. This franchise has $1 million dollars [sic] in coverage which seem [sic] to make McDonald [sic] Corporation an unnecessary target.

Thank you.

*Id.* at Exhibit C.

The email refers to the affidavit of David Bartlett (the "Bartlett Affidavit"), which is also a part of Exhibit C. Bartlett identifies himself as Appellee's managing counsel. Bartlett Affidavit at ¶ 1. The affidavit alleges

Appellee does not own or operate the Pottsville McDonald's. *Id.* at ¶¶ 3-4. Specifically, Appellee does not hire and discharge employees, file tax returns, pay utilities, sell products, supply products, or have any other connection to the day-to-day operation of the Pottsville McDonald's. *Id.* at ¶¶ 5-11. Finally, the Bartlett Affidavit alleges W. Pace Limited Partnership owns and operates the Pottsville McDonald's pursuant to a franchise agreement. *Id.* at ¶ 12.

On May 8, 2013, Appellants filed preliminary objections to Appellee's preliminary objections, alleging Appellee's preliminary objections were untimely. Appellants further alleged the untimely preliminary objections prejudiced them because the statute of limitations expired on February 11, 2013. Appellants also alleged the email correspondence between counsel did not excuse Appellee's untimely preliminary objections. Appellants alleged Appellee's preliminary objections came in response to a letter threatening to file a default notice.

Appellee filed a response to Appellants' preliminary objections dated May 14, 2013. Appellee alleged Appellants never completed service of original process, and that Appellants failed to serve the amended complaint on Appellee's counsel in accordance with Pa.R.C.P. 440, governing service of

- 4 -

papers other than original process.[1] Appellee also alleged it filed the preliminary objections because Appellants allowed the statute of limitations to run without serving their complaint on Appellee.

On July 3, 2013, the trial court dismissed Appellants' preliminary objections, ruling Appellee's preliminary objections were not time-barred because the docket failed to reflect proper service on Appellee. The trial court permitted Appellants to file an answer to Appellee's preliminary objections, and they did so on July 18, 2013. The answer alleged counsel entered an appearance on behalf of Appellee by filing preliminary objections to the original complaint, and that they served the amended complaint on Appellee's counsel of record.[2] Answer to [Appellee's] Preliminary Objections, 7/18/13, at ¶ 6. Appellants also disputed Appellee's assertion that it does not own the Pottsville McDonald's. Appellants attached to their July 18, 2013 filing a document from the Schuylkill County Assessment Bureau

---

[1] Rule 440 provides for copies of papers other than original process to be served on another party's counsel by handing, mailing, or faxing them to counsel. Pa.R.C.P. 440. Appellants' counsel did not use any of these methods, instead sending the amended complaint to Appellee's counsel as an email attachment.

[2] Where a party files a pleading for the sole purpose of challenging jurisdiction, the court may treat the pleading as a special appearance and not as consent to personal jurisdiction. *Bergere v. Bergere*, 527 A.2d 171, 174 (Pa. Super. 1987). Appellants do not argue this point in their appellate brief.

indicating Appellee owns the land on which the Pottsville McDonald's stands. *Id.* at Exhibit 1.

In response, on August 8, 2013, Appellee filed an affidavit from Wayne Pace (the "Pace Affidavit"). The Pace Affidavit corroborates information contained in the Bartlett Affidavit. Specifically, the Pace Affidavit alleges Wayne Pace's partnership, known as W. Pace Limited Partnership, owns and operates the Pottsville McDonald's. *Id.* at ¶ 2. The Pace Affidavit alleges the Pottsville McDonald's is a "McDonald's Corporation franchise" operating pursuant to a franchise agreement. *Id.* The Pace Affidavit further alleges Appellee was not the owner or operator of the Pottsville McDonald's on the day of the accident or any time thereafter, and that Appellee does not conduct regular business at the Pottsville McDonald's. *Id.* at ¶¶ 7-9. The Pace affidavit avers Appellee owns the property on which the Pottsville McDonald's is located and was leasing it to W. Pace Limited Partnership as of the date of the alleged slip and fall. *Id.* at ¶ 13.

On January 6, 2014, the trial court entered an order giving the parties 60 days to conduct discovery, inasmuch as Appellee's preliminary objections and Appellants' answer thereto raised a question of fact.[3] The parties took

_____

[3] Pa.R.C.P. 1028 authorizes the trial court's course of action here. The note to Rule 1028 explains: "Preliminary objections raising an issue under subdivision (a)(1), [...] cannot be determined from facts of record." In other words, a dispute over proper service cannot be resolved by reference to facts pled in the complaint. Additional evidence is required. Rule

*(Footnote Continued Next Page)*

no action during this sixty-day period.  On May 1, 2014, well after the expiration of the discovery period, Appellants filed a motion for enlargement of the discovery period.  In that motion and the accompanying brief, Appellants offered no explanation why they needed more time or why they failed to meet the trial court's original 60-day deadline.  On May 2, 2014, the trial court entered the order on appeal without having received Appellants' motion for enlargement of time.  The trial court noted it did not receive the motion for enlargement of time until Appellants filed their May 22, 2014 appeal from the May 2, 2014 order.  The court therefore dismissed the motion as moot.

Appellants frame the issues on appeal as follows:

> A. Whether [Appellee] was properly served, as it owned the property where it was served, which was a McDonald's restaurant?
>
> B. Whether the trial court erred when it granted [Appellee's] preliminary objections which were filed over 300 days late?

Appellants' Brief at 4.

In reviewing an order sustaining preliminary objections, our standard of review is *de novo* and our scope of review is plenary.  ***Morrison Informatics, Inc. v. Members 1ˢᵗ Fed. Credit Union***, 97 A.3d 1233, 1237

_(Footnote Continued)_ ————————————

1028(c)(2) provides that where "an issue of fact is raised, the court shall consider evidence by depositions or otherwise." Pa.R.C.P. 1028(c)(2).

(Pa. Super. 2014). We must determine whether the trial court committed an error of law. **Richmond v. McHale**, 35 A.3d 779, 783 (Pa. Super. 2012). "When a defendant challenges the court's assertion of personal jurisdiction, that defendant bears the burden of supporting such objections to jurisdiction by presenting evidence." **De Lage Landen Fin. Servs., Inc. v. Urban P'ship, LLC**, 903 A.2d 586, 590 (Pa. Super. 2006). "The burden of proof only shifts to the plaintiff after the defendant has presented affidavits or other evidence in support of its preliminary objections challenging jurisdiction." **Id.**

Appellee filed its preliminary objections pursuant to Pa.R.C.P. 1028(a)(1). That subsection permits a preliminary objection based on improper service. Rule 424 governs service on corporations:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424. "Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." **Cintas Corp. v. Lee's Cleaning Servs.**,

700 A.2d 915, 917 (Pa. 1997). Appellants argue that service on the manager of the Pottsville McDonald's constituted service on the manager of a regular place of business in accord with Rule 424(2).

Appellants rely on *Goldstein v. Carillon Hotel of Miami Beach*, 227 A.2d 646 (Pa. 1967). There, the plaintiff sued the defendant hotel for a slip and fall that occurred while she was staying at a hotel located in Miami Beach, Florida. *Id.* at 647. The plaintiff served process on the employee of an office defendant maintained at a hotel located in Philadelphia. *Id.* Our Supreme Court held that service in the Philadelphia office was sufficient service process on the hotel, which operated as a partnership. *Id.* at 648-49. The Supreme Court noted that the personnel in Philadelphia were employees of the Florida hotel who were authorized to issue confirmed reservations for stays at the Florida hotel. *Id.* at 648. All money and supplies for the Philadelphia office came from the Florida hotel. *Id.* As such, the Philadelphia office was a regular place of business of the Florida hotel.

*Goldstein* does not support Appellants' argument. The Philadelphia employee who accepted service was directly employed by the Florida hotel, and the Florida hotel paid for and maintained the office where the Philadelphia employee worked. Here, the Bartlett and Pace Affidavits clearly indicate Appellee was not involved in the day-to-day operations of the Pottsville McDonald's. Thus, the manager who accepted service was not

Appellee's employee. Unlike the situation in **Goldstein**, Appellee does not hire the employees, pay for supplies, or otherwise support the Pottsville McDonald's. Nothing in **Goldstein** supports a conclusion that service on the manager of a McDonald's franchise constitutes service on Appellee.

Appellants also rely on **Cintas**. The **Cintas** Court considered whether service on a receptionist was service on a person in charge for purposes of Rule 424(2). **Cintas**, 700 A.2d at 916. In *dicta*,[4] the Supreme Court held "there must be a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it." **Id.** at 920. Thus, the appellant was unable to have the judgment against it stricken based on improper service. **Id.**

**Cintas** also fails to support Appellants' argument. Appellee does not dispute (or concede) that the manager on duty who was served the original complaint at the Pottsville McDonald's was a person in charge for purposes of Rule 424(2). Ultimately, that question is irrelevant to the outcome of this appeal. This case does not turn on whether Appellants served a person in charge at the Pottsville McDonald's. Rather, this case turns on whether the Appellant served a person at the Pottsville McDonald's who was authorized

---

[4] The issue was not properly before the Court because the appellant filed a petition to strike (not open) the judgment, and the authority of the person who accepted service was not apparent from the face of the record. **Id.** at 918-19.

to accept service on behalf of the Appellee under Rule 424. The trial court found it was not. Appellants' reliance on **Cintas** is misplaced.

Finally, Appellants cite **Romeo v. Looks**, 535 A.2d 1101, 1105 (Pa. Super. 1987), *appeal denied*, 542 A.2d 1370 (Pa. 1988) for the proposition that service of process is sufficient if it provides the defendant adequate notice of the lawsuit filed against it. While we agree with this well-settled proposition, it does nothing to answer the question before us, namely, whether service at the location of a McDonald's franchise constitutes service on Appellee, the corporate franchisor.

Addressing this service issue of fact pursuant to Rule 1028(c)(2),[5] Appellee offered two affidavits establishing that no relationship exists between Appellee and the Pottsville McDonald's, outside of the franchise and lease agreements for the land on which the Pottsville McDonald's stands. Pursuant to **DeLage**, these affidavits were sufficient to place the burden on Appellants to come forward with evidence establishing the contrary. Appellants did not do so. Appellants produced only a document confirming Appellee's ownership of the property. Appellee does not dispute that point. Appellants however, failed to establish that they served a person at the Pottsville McDonald's who qualified as one of those persons authorized under Rule 424 to accept service on behalf of the Appellee. It was not sufficient

---

[5] See note three, **supra**.

- 11 -

for the Appellant to serve an employee of the Pottsville McDonald's not employed or authorized to act on behalf of the Appellee, an absent landlord and franchisor, to perfect service on the Appellee under Rule 424. Regardless of whether the Appellee could be considered to regularly conduct business at the Pottsville McDonald's site based upon its ownership of the real estate, Appellants still were obligated to serve a person authorized to accept service on behalf of the Appellee. They did not do so. Based on all of the foregoing, we conclude the trial court did not err in finding Appellants failed to serve process on Appellee.

Appellants also argue the trial court erred in sustaining Appellee's preliminary objections because they were untimely. Appellee filed its preliminary objections more than 11 months after Appellants filed the amended complaint. Appellants rely on Pa.R.C.P. 1026(a), which provides that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading[.]" Pa.R.C.P. 1026(a). We have already explained why Appellants failed to establish they served the complaint on Appellee. Appellee correctly asserts that, under the plain language of Rule 1026(a), the twenty-day requirement applies only "after service" of the preceding pleading. Since service never occurred, the Rule 1026(a) timeliness requirement posed no impediment to Appellee's preliminary objections.

Appellants further argue they have been unfairly prejudiced by Appellee's decision to file preliminary objections after the applicable two-year statute of limitations period expired.[6] Appellants' failure to serve process on Appellee severely undercuts this argument. Furthermore, the facts as found by the trial court indicate Appellants were at fault for permitting the statute of limitations to expire:

> [Appellants] were aware of the questionable service since on or about April 25, 2012. [Appellants] filed an amended complaint in response to the preliminary objections alleging improper service. They modified the complaint to assert that [Appellee] has a restaurant located at Route 61 and Tunnel Road, Route 61 North, Pottsville, PA 17901. They did not take any steps to correct the deficiencies in service alleged in the preliminary objections to the original complaint. [Appellee] also provided evidence that it informed [Appellants] of the name of the franchise owner well before the running of the statute of limitations.
>
> This court allowed [Appellants] to conduct discovery and provide evidence of service before ruling on [Appellee's] preliminary objections. The court Order provided that this court would rule on the preliminary objections at the close of 60 days based upon the evidence of record. [Appellants] failed to provide any additional information to this Court in support of its position that the [Pottsville McDonald's] was a regular place of business of [Appellee]. [Appellee] filed two affidavits indicating its lack of ownership in the business and identifying the franchise owner. [Appellants] did not file any documents or motions until approximately 115 days after the Order that allowed them 60 days to provide such evidence before the Court would rule on the objections. After 115 days, they filed a Motion for Extension of Time, which this Court did not address as we did not receive it before we lost jurisdiction over the case due to the Notice of

---

[6] Appellants concede the two-year statute of limitations expired on February 11, 2013. **See** 42 Pa.C.S.A. § 5524(2).

> Appeal. Furthermore, there was no evidence on the record that the Plaintiffs ever properly served McDonald's Corporation, which was the basis for this Court's dismissal of the action.

Trial Court Opinion, 7/17/14, at 7-8.

Regardless of their characterization of Appellee's tactics, Appellants had sufficient information and sufficient time to effect service before the two-year limitations period expired. Appellee did not prevent Appellants from timely serving process at Appellee's corporate offices if they believed Appellee was the proper defendant and subject to the trial court's jurisdiction. Indeed, Appellants' counsel, in his May 2, 2012 email to Appellee's counsel, noted he had time under the "SOL" to effect service on Appellee in the event counsel refused to accept service. Preliminary Objections to Plaintiffs' Amended Complaint, 4/19/13, at Exhibit B. Despite this, Appellants took no further action to effect service. Appellee's counsel provided the Bartlett Affidavit to Appellants' counsel as an attachment to his May 29, 2012 email. *Id.* at Exhibit C. The Bartlett Affidavit identified W. Pace Limited Partnership as the McDonald's franchisee. Appellants made no effort to substitute the franchisee for Appellee or add it as an additional defendant.

In summary, the record supports the trial court's findings that Appellants had sufficient information to effect proper service within the statute of limitations period. Some of that information came in the form of an affidavit from the franchise owner filed by Appellee.

For all of the foregoing reasons, we conclude the trial court did not err in sustaining Appellee's preliminary objections.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015