J-S63004-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| JOAN LICHTMAN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT WALTON, KENNETH | : | |
| VENNERA, THOMAS HEIMBACH, | : | |
| ROBERT KRANDEL, DAVID STECKEL, | : | |
| RICHARD STEVENS, PAUL BARTLE, | : | |
| RONALD BLUESTEIN, JENNY BROWN, | : | |
| CHRISTOPHER CURCI, EMMETT | : | |
| FITZPATRICK, MATT FOLEY AND | : | |
| RICHARD GREENSTEIN, | : | |
| | : | |
| Appellees | : | No. 438 EDA 2015 |

Appeal from the Order January 7, 2015,
Court of Common Pleas, Philadelphia County,
Civil Division at No. September Term, 2014 0304

BEFORE: DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED NOVEMBER 12, 2015**

Appellant, Joan Lichtman ("Lichtman"), appeals pro se from the order entered on January 7, 2015 by the Philadelphia County Court of Common Pleas, dismissing her complaint against Robert Walton, Kenneth Vennera, Thomas Heimbach, Robert Krandel, David Steckel, Richard Stevens, Paul Bartle, Ronald Bluestein, Jenny Brown, Christopher Curci, Emmett Fitzpatrick, Matt Foley, and Richard Greenstein (collectively, "Appellees"). For the reasons set forth herein, we affirm.

A summary of the facts and procedural history of this case is as follows. In 1996, Lichtman applied to work as a Certified Public Accountant

at Zelenkofske Axelrod & Co., Ltd. ("ZA"). After ZA failed to hire her, Lichtman filed a pro se action in the Philadelphia County Court of Common Pleas against ZA under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, claiming that she was not hired due to her arthritis. ZA removed the case to federal court. Following a jury trial, the jury issued a verdict in favor of ZA. In September 1999, the federal trial court entered judgment against Lichtman. Lichtman filed several petitions and appeals to no avail.

In 2001, Attorney Walter H. Flamm, Jr. ("Attorney Flamm"), an attorney at the law firm of Flamm, Boroff & Bacine, P.C. ("FBB"), filed a petition in federal court seeking to compel Lichtman to pay attorney's fees and costs stemming from FBB's representation of ZA. The federal trial court granted Attorney Flamm's petition and entered judgment in the amount of $41,879.12 against Lichtman. Thereafter, Attorney Flamm successfully transferred the judgment to the Philadelphia County Court of Common Pleas (hereinafter, the "trial court").

FBB continued to attempt to collect on the judgment, and in 2003, filed several writs of execution against Lichtman. During this time, the trial court discovered that ZA ceased to exist in June 1997 after undergoing corporate reorganization. The trial court directed FBB to file within twenty days a certification that identified the correct party to prosecute the matter. FBB filed an untimely response indicating that ZA was a withdrawn

incorporated business and failed to identify a proper successor in interest. As a result, the trial court vacated all writs of execution against Lichtman.

In February 2006, FBB unsuccessfully motioned to voluntarily substitute itself as a party defendant in the underlying action and the trial court vacated the 2001 judgment against Lichtman. A panel of this Court affirmed, finding no valid assignment from ZA to FBB, and thus, on July 1, 2009, the trial court ordered that ZA and FBB return to Lichtman all money that had been collected on the judgment.

Lichtman filed several petitions and appeals in an attempt to recoup the money from ZA and FBB. Lichtman also sent several harassing emails to the trial court. On March 20, 2013, the Honorable Gary S. Glazer ("Judge Glazer") of the Philadelphia County Court of Common Pleas entered an order precluding any future filings in the matter by Lichtman. Judge Glazer found that Lichtman had pursued the litigation in bad faith and in so doing, had abused the judicial process. Lichtman filed an appeal to this Court, wherein a panel of this Court found all of Lichtman's issues on appeal waived and affirmed Judge Glazer's order.

On September 2, 2014, Lichtman filed a pro se praecipe for writ of summons against Appellees, thirteen attorneys at the law firm of Flamm Walton Heimbach & Lamm, P.C. ("Flamm Walton"), the successor in interest to FBB. On November 17, 2014, Appellees filed against Lichtman a praecipe for rule to file complaint within twenty days. Lichtman complied and filed a

complaint on December 8, 2014. In her complaint, Lichtman sought the return of "improperly seized moneys, assets, and property, with damages, … sanctions, and relevant/derivative legal proceedings, which may include prosecution, disbarment, and incarceration, to the fullest extent allowed by law." Lichtman's Complaint, 12/8/14, at 1. Lichtman alleged that Attorney Flamm, who is not a named party to the action, suborned perjury, committed fraud by fabricating a bill for legal fees that he presented to the court, and fraudulently obtained a judgment against Lichtman during the course of his representation of ZA in the underlying proceedings. *Id.* at 2-9. Lichtman further alleged that Appellees had knowledge of Attorney Flamm's criminal acts since they worked at the same firm, and that they had a duty to report Attorney Flamm's criminal activity. *Id.*

On December 10, 2014, Appellees filed preliminary objections and a motion to dismiss the action pursuant to Rule 233.1 of the Pennsylvania Rules of Civil Procedure. On January 7, 2015, the Honorable Mark I. Bernstein ("Judge Bernstein") sustained Appellees' preliminary objections and dismissed the action pursuant to Rule 233.1. Lichtman filed a motion for reconsideration on January 17, 2015, which Judge Bernstein denied on May 15, 2015. In the interim, on February 2, 2015, Lichtman filed a timely notice of appeal raising the following questions for our review:

> I. Did the trial court abuse its discretion and/or make an error of law, when interfering in the administration of justice through directly

contradictory orders, which locked an adjudicated pauper out of the courts and denied due process?

II. Did the trial court abuse [its] discretion; act in the absence of jurisdiction; act outside the scope of judicial authority; aid, abet, or commit crimes against [Lichtman]; retaliate against [Lichtman]; act with bias, malice, ill-will; violate the Rules of Professional Conduct and/or the Canons of Judicial Conduct; manipulate judicial machinery; interfere in the administration of justice; alter the outcome of a case; and/or endanger the welfare and survival of an innocent, unrepresented, adjudicated pauper, when suddenly issuing four dismissals with prejudice in four separate cases, all on the same day, when[] all the cases had been languishing for months in the court, waiting for overdue judicial decisions on [Lichtman]'s pauper petitions, so that original process could be served?

Lichtman's Brief at 1.

Our standard of review of an order sustaining preliminary objections is de novo and our scope of review is plenary. *Trexler v. McDonalds Corp.*, 118 A.3d 408, 412 (Pa. Super. 2015). Thus, "[w]e must determine whether the trial court committed an error of law." *Id.*

For her first issue on appeal, Lichtman asserts that Judge Bernstein abused his discretion by dismissing the action and denying Lichtman her basic constitutional right of access to the courts. Lichtman's Brief at 6-7, 13. Lichtman contends that the federal court lacked jurisdiction when it entered judgment against her in 2001 because the judgment was based upon Attorney Flamm's fabricated legal fee petition, as Attorney Flamm knew ZA ceased to exist and he therefore did not have a client at the time he filed his

petition. *Id.* at 9. Lichtman assails all subsequent decisions made by the Pennsylvania courts, claiming that they were erroneously entered based on the fraudulently obtained judgment. *Id.* at 10.

Lichtman further challenges Judge Bernstein's dismissal of the action based on FBB's noncompliance with Judge Glazer's order to return all money to Lichtman. *Id.* at 11. Lichtman argues that she has not received any money despite Judge Glazer's order and has since been locked out of court by Judge Glazer, who refuses to enforce his own order. *Id.* As a result, Lichtman asserts that Judge Bernstein's dismissal of her action "aided and abetted the commission of crimes" that were committed in the prior proceedings by Attorney Flamm. *Id.* at 12-13.

Upon review, we conclude that we need not address the merits of Lichtman's claims in this instance because she failed to develop an argument in support of her claims in accordance with Rule 2119 of the Pennsylvania Rules of Appellate Procedure. Rule 2119(a) provides that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part-in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "Citations of authorities must set forth the principle for which they are cited." Pa.R.A.P. 2119(b). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not

appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." ***Coulter v. Ramsden***, 94 A.3d 1080, 1088 (Pa. Super. 2014) (quoting ***Lackner v. Glosser***, 892 A.2d 21, 29-30 (Pa. Super. 2006)).

In support of the first issue raised on appeal, Lichtman fails to present any legal argument, citation to authority, or analysis relevant to her claims regarding the alleged lack of jurisdiction in the underlying proceedings or the trial court's abuse of discretion in dismissing the action pursuant to Rule 233.1. Instead, Lichtman solely focuses the argument portion of her brief on bald allegations that Attorney Flamm committed criminal acts of perjury and complains that the trial court engaged in corruption in the underlying proceedings. Lichtman's failure to develop an argument and cite to relevant authority precludes meaningful review by this Court.

Moreover, to the extent Lichtman raises any arguments, they constitute untimely attempts to appeal decisions previously rendered by the courts in the underlying matter. These issues are not presently before this Court as these issues were already appealed and decided, and thus, "we are obligated to follow the law as articulated by the previous panel." ***Commonwealth v. Pepe***, 897 A.2d 463, 466 (Pa. Super. 2006). Furthermore, any issues that were not raised in prior appeals are waived, as appeals must be taken within thirty days of a final order. ***See*** Pa.R.A.P.

903(a). As a result, we conclude that Lichtman waived her first issue for appeal, and is not entitled to relief.

For her second issue on appeal, Lichtman asserts that the trial court improperly relied upon Rule 233.1(a) in dismissing her complaint. Lichtman's Brief at 19. This Court has previously held that "Rule 233.1 makes clear that the power to bar frivolous litigation at the trial court level rests with the trial court." *Bolick v. Commonwealth*, 69 A.3d 1267, 1270 (Pa. Super. 2013). Rule 233.1 provides as follows:

> (a) Upon the commencement of any action filed by a pro se plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
>> (1) the pro se plaintiff is alleging the same or related claims which the pro se plaintiff raised in a prior action against the same or related defendants, and
>>
>> (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
> (b) The court may stay the action while the motion is pending.
>
> (c) Upon granting the motion and dismissing the action, the court may bar the pro se plaintiff from pursuing additional pro se litigation against the same or related defendants raising the same or related claims without leave of court.
>
> (d) The court may sua sponte dismiss an action that is filed in violation of a court order entered under subdivision (c).

> (e) The provisions of this rule do not apply to actions under the rules of civil procedure governing family law actions.

Pa.R.C.P. 233.1 (italicization omitted).

By way of explanation, our Supreme Court offered the following comment to Rule 233.1:

> It has come to the attention of the Supreme Court that certain litigants are abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings. New Rule 233.1 provides relief to a defendant who has been subjected to this type of repetitive litigation. While attorneys are subject to the rules of disciplinary procedure, no analogous rule exists to curb this type of abuse when done by a pro se party.
>
> Upon the filing of an action by a pro se plaintiff, a defendant may file a motion to dismiss a pending action provided that (1) the pro se plaintiff is alleging the same or related claims against the same or related defendants, and (2) the claims have already been resolved pursuant to a settlement agreement or a court proceeding. The new rule also gives the trial court discretion to bar the pro se litigant from filing further litigation against the same or related defendants raising the same or related claims without leave of court.

Pa.R.C.P. 233.1, Explanatory Comment (2010) (italicization omitted).

In this case, Judge Bernstein dismissed Lichtman's complaint pursuant to Rule 233.1(a)(1), stating,

> [Lichtman][] raised the same claims in a prior action ***Lichtman v. Zelenkofske Axelrod & Co. Ltd.***, June Term 2003-1092. The claims raised in

> this present matter are against the same or related defendants as those raised in ***Lichtman v. Zelenkofske Axelrod & Co. Ltd***. In [that case] the Honorable Gary Glazer entered an order stating[,] "There is no question that this litigation, commenced by Joan Lichtman, is being continued in bad faith and constitutes a blatant abuse of the judicial process." Judge Glazer directed the Prothonotary to not accept any further pleadings from Joan Lichtman in the case under any circumstances. The case was dismissed pursuant to Judge Glazer's [o]rder. Judge Glazer's [o]rder was affirmed by the Superior Court.

Trial Court Opinion, 6/17/15, at 1-2.

Lichtman asserts that the trial court erred because "[t]he grounds for [her] current case are clearly, and necessarily, different from the issues which [Attorney] Flamm raised in the prior case[.]" Lichtman's Brief at 20. She further contends that "Judge Glazer's words could not possibly have had any merit, years after the fact, and to wholly unrelated issues/cases with different litigants and different subject matter." ***Id***. at 14. We disagree.

This Court has previously stated:

> Rule 233.1 does not require the highly technical prerequisites of res judicata or collateral estoppel to allow the trial court to conclude that a pro se litigant's claims are adequately related to those addressed in prior litigation. Nor does it require an identity of parties or the capacities in which they sued or were sued. Rather, it requires a rational relationship evident in the claims made and in the defendant's relationships with one another to inform the trial court's conclusion that the bar the Rule announces is justly applied.

- 10 -

***Gray v. Buonopane***, 53 A.3d 829, 838 (Pa. Super. 2012) (italicization omitted).

In this case, Lichtman initiated suit against thirteen attorneys at Attorney Flamm's law firm. Lichtman's complaint against Appellees pertains solely to Attorney Flamm's actions in the underlying collection action, claiming that "[b]y remaining silent, each partner and associate of Flamm Walton becomes a willing co-conspirator of [Attorney] Flamm[.]" Lichtman's Brief at 22. Moreover, Lichtman's brief is replete with arguments regarding errors committed by the courts in the underlying proceedings. Thus, based upon the record before us, we conclude that Judge Bernstein appropriately extended Judge Glazer's order to the instant complaint. Accordingly, we are unable to discern of any abuse of discretion by the trial court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/12/2015</u>