J-A25027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FREDERICK J. HELLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE GLEN SUMMIT COMPANY | : | No. 328 MDA 2019 |

Appeal from the Order Entered February 1, 2019
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2009-05323

BEFORE:  STABILE, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: FEBRUARY 5, 2020**

Fredrick J. Heller appeals *pro se* from the February 1, 2019 order sustaining the Preliminary Objections of The Glen Summit Company ("Glen Summit") and dismissing Heller's Second Amended Complaint. We affirm.

We glean the following factual and procedural history from the certified record. In March 2009, Heller commenced this action by filing a praecipe for a writ of summons naming as defendants Glen Summit and David Hourigan. Shortly thereafter, Heller asked the Sheriff to serve the writ upon the then-current President of Glen Summit, Thomas MacFarland, and on David Hourigan, a former President of Glen Summit. The Sheriff unsuccessfully attempted to serve MacFarland twice, as indicated on the return of service filed by the Luzerne County Sheriff's office. Conversely, the Sheriff was able to serve Hourigan, *via* his wife, who was home to receive service.

Glen Summit obtained a rule to compel Heller to file a complaint. Heller eventually filed a Complaint in June 2013, asserting causes of action against Glen Summit only. He has not made any claim against Hourigan. Glen Summit then filed Preliminary Objections, averring, *inter alia*, improper service, and Heller responded with an Amended Complaint. Glen Summit re-filed its Preliminary Objections, again raising improper service. After Heller filed yet another Amendment Complaint, and Glen Summit resubmitted the same Preliminary Objections, the trial court held oral argument in January 2019.

During oral argument, Heller contended that service upon Hourigan, Glen Summit's admitted past President, should have constituted sufficient notice for Glen Summit. Heller also maintained that he could not discern the proper corporate address for Glen Summit because the company used many different addresses. Glen Summit disagreed that service was proper. It emphasized that even after becoming aware that the Sheriff's attempted service on MacFarland had failed, Heller never sought to serve the company again in the more than 10 years since Heller had instituted this litigation.

In an order dated February 1, 2019, the trial court sustained Glen Summit's Preliminary Objections and dismissed Heller's Second Amended Complaint. Heller filed a motion for reconsideration, which the trial court denied. Heller filed the instant timely appeal and a court-ordered Rule 1925(b) statement.

Heller raises a single issue: "Did the [trial court] err or abuse its discretion in granting preliminary objections terminating [Heller's] case due

- 2 -

to a failure to make proper service upon [Glen Summit]?" Heller's Br. at 4. He contends that because the Sheriff served Hourigan, *via* his wife, the trial court should have deemed Glen Summit sufficiently notified. He supports this contention by averring that Glen Summit had used Hourigan's home address for corporate purposes and therefore the trial court should have found that service to that address constituted effective service to an individual in charge of a "corporate office." Heller likens his case to the federal decision in ***Giordani v. Hoffmann***, 295 F.Supp. 463, 469 (E.D. 1969), where service upon the defendant corporation's in-house attorney was effective where the attorney was in charge of the corporate offices at which the sheriff served notice. Heller also argues that because Glen Summit used several addresses, confusion regarding where to effectuate service was the cause of his failure to make proper service. To this end, Heller baldly contends, without support, that Glen Summit failed to maintain a registered office in Pennsylvania.

When reviewing an order sustaining preliminary objections, our standard of review is *de novo* and our scope of review is plenary. ***Trexler v. McDonald's Corp.***, 118 A.3d 408, 412 (Pa.Super. 2015). Therefore, this Court must determine whether the trial court erred as a matter of law. ***Id.***

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." ***Id.*** (quoting ***Cintas Corp. v. Lee's Cleaning Servs.***, 700 A.2d 915, 917 (Pa, 1997)). "Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or

- 3 -

her. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her." *Cintas,* 700 A.2d at 917-18.

Pennsylvania Rule of Civil Procedure 424 governs service of original process on corporations:

> **Rule 424.  Corporations and Similar Entities**
>
> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424.

In this case, the trial court aptly found that Heller never properly provided Glen Summit with service. Heller attempted to serve then-company President MacFarland in 2009, but the Luzerne County Sheriff was not able to do so, after two attempts. Heller concedes he never made another attempt to serve Glen Summit. Further, although the Sheriff did effectively serve David Hourigan, *via* his wife, such service is instantly inapposite because Hourigan, as a **past** executive of the company, was not an individual eligible to accept service on behalf of Glen Summit. Likewise, Hourigan's wife, as a mere

shareholder of the company, was also ineligible to accept service on behalf of Glen Summit. **See** Pa.R.A.P. 424. Furthermore, contrary to Heller's assertion, **Giordani** is distinguishable because, unlike in that case, nothing here suggests that Hourigan's home was serving as a corporate office at the time of service. We therefore cannot fairly characterize Hourigan as an individual "in charge of any regular place of business or activity of the corporation." **See** Pa.R.C.P. 424(2).

Moreover, the trial court did not err by finding unavailing Heller's argument regarding his confusion over the proper address at which to serve Glen Summit. As noted by the trial court, even if confusion about Glen Summit's address hindered him, Heller failed to take any action whatsoever to effectuate service once he knew the Sheriff's attempt to serve MacFarland had failed in 2009. Heller does not contend that MacFarland's address was unknown to him. Heller never again attempted to effectuate service through the Luzerne County Sheriff, nor did he ever petition the trial court to authorize alternate service. **See** Pa.R.C.P. 430. Accordingly, we conclude that the trial court properly sustained Glen Summit's Preliminary Objections.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/05/2020</u>