J-S06002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES FOSTER AND KATHLEEN FOSTER, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| | : | No. 1565 EDA 2020 |
| SUGARHOUSE CASINO AND SUGARHOUSE HSP GAMING, L.P. | : | |
| Appellees | | |

Appeal from the Order Entered July 24, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 190804702

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                Filed: September 2, 2021

James Foster was injured after he fell while patronizing the Sugarhouse Casino. He and his wife, Kathleen Foster (collectively "the Fosters") filed a Writ of Summons, and then later a Complaint, well within the applicable statute of limitations. These were properly served on the Sugarhouse Casino and Sugarhouse HSP, L.P. (hereinafter collectively "Sugarhouse"). That action was withdrawn without prejudice.

The Fosters re-filed a complaint on August 29, 2019. The re-filed complaint was reinstated by praecipe on September 30, October 31, and

---

[*] Retired Senior Judge assigned to the Superior Court.

December 2, 2019. The trial court subsequently dismissed the Fosters' re-filed complaint with prejudice after Sugarhouse filed preliminary objections asserting that the Fosters had failed to timely serve the re-filed complaint. On appeal, the Fosters contend that the court erred as Sugarhouse suffered no prejudice and had actual notice of the claims from the earlier filed complaint. We conclude that the trial court did not err in finding Sugarhouse did not have actual notice. Further, we conclude that under **Gussom v. Teagle**, 247 A.3d 1046 (Pa. 2021), we need not address the Fosters' claim that the court abused its discretion in finding that Sugarhouse suffered prejudice from the untimely service. We therefore affirm.

The Fosters' August 29, 2019 amended complaint was filed less than a week before the expiration of the limitations period on September 2, 2019. The Fosters concede that they neglected to serve Sugarhouse until November 30, 2019. Sugarhouse filed preliminary objections arguing the failure of the Fosters to provide them with notice of the new lawsuit required dismissal of the action under **Lamp v. Heyman**, 366 A.2d 882 (Pa. 1976). The trial court granted Sugarhouse's preliminary objections dismissing the action with prejudice, concluding the Fosters failed to make a good faith effort to effectuate service. The Fosters responded with this timely appeal.

When reviewing an order sustaining preliminary objections, our standard of review is *de novo* and our scope of review is plenary. **See Trexler v. McDonald's Corp.**, 118 A.3d 408, 412 (Pa. Super. 2015).

- 2 -

Therefore, this Court must determine whether the trial court erred as a matter of law. *See id.*

Furthermore, "[t]his Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." ***Excavation Techs., Inc. v. Columbia Gas Co. of Pennsylvania***, 936 A.2d 111, 113 (Pa. Super. 2007). "When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case [is] free and clear of doubt." ***Id.***

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." ***Trexler***, 118 A.3d at 412 (quoting ***Cintas Corp. v. Lee's Cleaning Servs.***, 700 A.2d 915, 917 (Pa. 1997)). "Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her." ***Cintas,*** 700 A.2d at 917-18. Pennsylvania Rules of Civil Procedure 1028 allows a defendant to file a preliminary objection on the basis that the plaintiff did not properly serve the complaint. ***See*** Pa.R.C.P. 1028(a)(1).

On appeal, the Fosters first argue that the trial court erred in sustaining Sugarhouse's preliminary objections because Sugarhouse had actual notice of the new lawsuit. The Fosters assert that the new complaint contained the same nucleus of operative facts and claims as the original lawsuit. The Fosters therefore claim the court erred in dismissing their new complaint with prejudice.

The purpose of the statute of limitations is to discourage delay and the presentation of stale claims that may prejudice the defense of such claims. **See McCreesh v. City of Philadelphia**, 888 A.2d 664, 674 (Pa. 2005). The statute of limitations period for personal injury claims is two years. **See** 42 Pa.C.S.A. § 5524(2). Additionally, Pennsylvania Rule of Civil Procedure 401(a) requires plaintiffs to serve process within thirty days after the issuance of a writ or the filing of a complaint. **See** Pa.R.C.P. 401(a). Rule 401(b)(2) permits plaintiffs to reinstate a complaint in thirty-day increments. **See** Pa.R.C.P. 401(b)(2). If the plaintiff reinstates a Complaint, the statute of limitations period will toll only if the plaintiff makes a good faith effort to effectuate notice of commencement of the action to the defendant. **See Lamp**, 366 A.2d at 889.

A complaint is effective to commence an action and operates to toll the applicable statute of limitations. However, the plaintiff must refrain from a course of conduct of having the complaint repeatedly reinstated without serving the defendant within 30 days of the reinstatement:

"In the seminal case of ***Lamp v. Heyman***, 469 Pa. 465, 366 A.2d 882 (1976), this Court sought to end abuses of process by plaintiffs who tolled the statute of limitations by filing a writ of summons, had the writ repeatedly reissued, and deliberately failed to notify the defendant of the pending litigation." ***McCreesh v. City of Philadelphia***, 585 Pa. 211, 888 A.2d 664, 665 (2005). "This process, while technically compliant with the Rules of Civil Procedure, nonetheless defeated the purpose of the statute of limitations, which is to protect defendants from stale claims." ***Id.*** Thus, in ***Lamp***, this Court held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." ***Lamp***, 366 A.2d at 889. This "***Lamp*** rule" applies equally to actions commenced by way of the filing of a complaint.

We refined the ***Lamp*** rule in ***Farinacci v. Beaver County Industrial Development Authority***, 510 Pa. 589, 511 A.2d 757, 759 (1986), holding that "***Lamp*** requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action." In addition, ***Farinacci*** clarified that: (1) the plaintiff carries an evidentiary burden of proving that she made a good-faith effort to ensure that notice of the commencement of an action was served on the defendant, ***McCreesh***, 888 A.2d at 672; and (2) "[i]n each case, where noncompliance with ***Lamp*** is alleged, the [trial] court must determine in its sound discretion whether a good-faith effort to effectuate notice was made[,]" ***Farinacci***, 511 A.2d at 759.

This Court's most recent decision in the ***Lamp***-line of cases is ***McCreesh***, ***supra***. In ***McCreesh***, the Court expressed that when plaintiffs' improper actions in serving original process put defendants on actual notice of the commencement of actions, trial courts should "dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." ***McCreesh***, 888 A.2d at 674.

***Gussom***, 247 A.3d at 1048.

Moreover, this Court has determined that "[w]hat constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." ***Moses v. T.N.T. Red Star Exp.***, 725 A.2d 792, 96 (Pa. Super. 1999). "The inquiry into whether a plaintiff acted in good faith lies within the sound discretion of the trial court." ***Englert v. Fazio Mech. Servs., Inc.***, 932 A.2d 122, 125 (Pa. Super. 2007) (citation and quotations omitted).

A plaintiff may demonstrate a good faith effort even though they have made a technical misstep that violates the Rules of Civil Procedure. ***See Gussom***, 247 A.3d at 1056. However, a plaintiff must still act diligently to serve notice on the defendant so as not to undermine the policies underlying the statute of limitations. "Although there is no mechanical approach to be applied in determining what constitutes a good faith effort, it is the plaintiff's burden to demonstrate that his efforts [to effectuate service] were reasonable." ***See Englert***, 932 A.2d at 124-25. "If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith." ***Gussom***, 247 A.3d at 1057.

If the plaintiff fails to establish a good faith effort at service, then she may still evade dismissal of her complaint if she can establish that the defendant had actual notice of the action; she must not have acted intentionally to stall the litigation process; and the defendant suffered no prejudice from the lack of formal service before the limitations period ended.

*See Gussom*, 247 A.3d at 1056-1057. The exact language utilized by our Supreme Court is that:

> [Pursuant] to *McCreesh*, a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

*Gussom*, 247 A.3d at 1058. We need not reach this last issue here, as we conclude the trial court did not err in finding that Sugarhouse did not have actual notice of the amended complaint.

Here, the Fosters concede that, "through the inadvertence of counsel," they did not serve amended complaint on Sugarhouse until nearly 90 days after the expiration of the statute of limitations. *See* Appellants' Brief, at 9.[1] Despite this, they contend the trial court erred in dismissing their complaint with prejudice. *See id*. at 10 ("[The Fosters] would ask this Court to avoid the draconian action of dismissing a Complaint with Prejudice..."). In pursuit of

---

[1] While the Fosters make boilerplate allegations that they made a good-faith effort to serve the amended complaint, neither of their listed issues on appeal challenge the trial court's finding that they did not. Rather, their arguments focus on whether Sugarhouse had actual notice and whether Sugarhouse suffered any prejudice from the late service of the amended complaint. To the extent the Fosters attempt to raise a challenge to the trial court's finding that they did not make a good faith effort at service, we find they have waived it by failing to meaningfully develop it.

this contention, the Fosters present two arguments. As noted previously, however, we need only reach the first.

The Fosters claim the trial court erred in concluding that Sugarhouse did not have actual notice of the action. They assert that Sugarhouse defendants "were well aware of the fact that [the Fosters] intended to pursue litigation against them and that [Sugarhouse defendants] were notified well within the Statute of Limitations." Appellants' Brief, at 10. The Fosters highlight that their previous complaint in this matter had been dismissed without prejudice after the parties had engaged in limited discovery. The Fosters argue that under these circumstances, Sugarhouse had actual notice of the claims contained in the amended complaint.

While we can find no precedent directly dealing with the present circumstances, we note that when a voluntary nonsuit is entered, "the general effect ... is to terminate the action without an adjudication of the merits and to place the plaintiff in the same position as if the action had never been instituted." *Motley Crew, LLC v. Bonner Chevrolet Co., Inc.*, 93 A.3d 474, 476 (Pa. Super. 2014) (citation omitted). Consequently, a second complaint on the same facts "is considered a new action and not a continuation of the initial action." *Levitt v. Patrick*, 976 A.2d 581, 588 (Pa. Super. 2009) (citation omitted).

The Fosters make no attempt to distinguish between a voluntary nonsuit and a dismissal without prejudice to re-file. Further, we see no reason to do so. A dismissal is a dismissal. The Sugarhouse defendants were entitled to assume the matter had been resolved unless they received notice otherwise.

As a result, the relevant question is whether Sugarhouse had actual notice of the amended complaint. Pure logic dictates that Sugarhouse could not have actual notice of a complaint that did not yet exist until August 29, 2019. And the Fosters do not argue that Sugarhouse had actual notice of the amended complaint until November 30, 2019. Accordingly, we conclude the trial court did not err in finding that Sugarhouse did not have actual notice.

Given this conclusion, we need not reach the Fosters second issue on appeal, where they challenge the trial court's conclusion that Sugarhouse suffered prejudice from the untimely service of the amended complaint. We therefore affirm the order sustaining Sugarhouse's preliminary objections and dismissing the Fosters' amended complaint with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/2/21