J-S22004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TONI SHUPPE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSH SHAPIRO, CANDIDATE FOR | : | No. 1423 WDA 2023 |
| GOVERNOR OF PENNSYLVANIA; | : | |
| SHAPIRO FOR PENNSYLVANIA, INC.; | : | |
| DANA FRITZ, CAMPAIGN MANAGER | : | |
| FOR SHAPIRO FOR PENNSYLVANIA, | : | |
| INC.; VICE.COM, LLC | : | |

Appeal from the Order Dated October 31, 2023
In the Court of Common Pleas of Forest County
Civil Division at No(s): CD-782022

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: September 13, 2024**

Toni Shuppe appeals from the order sustaining the preliminary objections filed by Josh Shapiro, Candidate for Governor of Pennsylvania; Shapiro for Pennsylvania, Inc.; and Dana Fritz, Campaign Manager for Shapiro for Pennsylvania (collectively "the Shapiro Defendants")[1] and dismissing

---

[1] The preliminary objections and the instant appeal were filed by counsel for the Shapiro Defendants only. We note it is unclear and frankly confusing from the record why VICE.com, LLC was included as a named defendant. Shuppe did not clear up this confusion during the hearing on preliminary objections. It is clear that service of this complaint was never even attempted on VICE.com, LLC. Accordingly, the record indicates that VICE has not participated in this litigation.

Shuppe's complaint with prejudice based on the court's finding that service was improper. After careful review, we affirm.

As Shuppe's complaint was dismissed on procedural grounds, we focus our discussion on the procedural history of this matter. Shuppe's claims arose as a result of comments made about Shuppe during Pennsylvania's 2022 gubernatorial race regarding Shuppe's questioning of the legitimacy of the November 2020 presidential election.

On October 27, 2022, Shuppe filed a complaint against the Shapiro Defendants and VICE.com, LLC, including counts for defamation, false light invasion of privacy, and civil conspiracy. After eight months of inaction by any party, Shuppe filed a praecipe for entry of default judgment, asserting she had made service on Shapiro and that Shapiro had failed to respond to the complaint. Notably, Shuppe did not mention the other defendants. Shuppe filed an affidavit of the process server as an exhibit to the praecipe which indicated that the complaint was served on November 28, 2022[2] by a process server to a drop box outside the Attorney General's office in Harrisburg. In the section for "Name of Person to Be Served", the process server filled out "Department of Attorney General Drop Box."

_____

[2] Notably, this was the final date on which Shuppe could have timely effected service. *See* Pa.R.C.P. 401(a) ("Original process shall be served within the Commonwealth within 30 days after … the filing of the complaint."); *see also* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday …such day shall be omitted from the computation.").

In response to the praecipe, counsel for Shapiro filed a letter sent to Shuppe's counsel, requesting that the praecipe be withdrawn as original process had never been properly served. Shapiro's counsel indicated that once the praecipe was withdrawn, he was willing to discuss the issue of service. It does not appear from the record that Shuppe's counsel responded.

The Shapiro Defendants subsequently filed preliminary objections to the complaint, arguing that Shuppe failed to properly serve the complaint and that her claims fail as a matter of law. Following argument on the preliminary objections, the court sustained the objections and dismissed the complaint with prejudice. This timely appeal followed.

When reviewing an order sustaining preliminary objections, our standard of review is *de novo* and our scope of review is plenary. **See Trexler v. McDonald's Corp.**, 118 A.3d 408, 412 (Pa. Super. 2015). "This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." **Excavation Techs., Inc. v. Columbia Gas Co. of Pennsylvania**, 936 A.2d 111, 113 (Pa. Super. 2007). "When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case [is] free and clear of doubt." **Id**.

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." **Trexler**, 118 A.3d at 412 (quoting **Cintas Corp. v. Lee's**

*Cleaning Servs*., 700 A.2d 915, 917 (Pa. 1997)). Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against the defendant.

"Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her." *Cintas*, 700 A.2d at 918. Pennsylvania Rule of Civil Procedure 1028 allows a defendant to file a preliminary objection on the basis that the plaintiff did not properly serve the complaint. *See* Pa.R.C.P. 1028(a)(1).

Here, following argument by Shuppe and the Shapiro Defendants, the trial court concluded that original service of the complaint in this matter was not in accordance with the Pennsylvania Rules of Civil Procedure, explaining as follows:

> [Shuppe] assert[s] that "Pennsylvania Rule 402(a)(2) (i, ii, and iii) permitted Governor Shapiro []to be served via a drop box established by [him] while he was Attorney General". [Shuppe] is simply incorrect. The rules governing the service of process set forth in the Pennsylvania Rules of Civil Procedure must be strictly followed. Every permutation of Rule 402(a) requires service to be made "by handing a copy" of the complaint to an actual person. [Shuppe] serving the complaint to a "drop box" is not to "an actual person."
>
> [Shuppe] also assert[s] that Governor Shapiro could be served via a process server, rather than a sheriff. This assertion is also unsupported by the rules. Rule 400, as amended, extends the exception to the requirement that original process be served by a sheriff to "civil action[s] in which there is complete diversity of citizenship between all plaintiffs and all defendants, and at least one defendant is a citizen of Pennsylvania." Although [Shuppe] contends "complete diversity of citizenship" means "diversity of residence across different counties" in Pennsylvania, this [c]ourt is not of the same opinion. Diversity of citizenship carries the same

- 4 -

meaning it carries in the context of federal subject matter jurisdiction, where it refers to the absence of any common state of citizenship between the plaintiff and the defendants. The amendment to Rule 400 was intended to make it harder to remove certain cases to federal court based on federal diversity jurisdiction. In this matter, [Shuppe] and [d]efendants are both residents of Pennsylvania.

[Shuppe] also asserts that service on Governor Shapiro is also service on all the other [d]efendants. The record is clear that no other defendants were served. Failure to serve each of the parties again raises the issue of proper service. Even if the [c]ourt finds there was proper service to [d]efendant Shapiro, the other [d]efendants [−] Shapiro for Pennsylvania, Inc., Dana Fritz, campaign manager for Shapiro for Pennsylvania and VICE.com [−] were never served nor is there any documentation that any attempt to serve them was made. There is no affidavit of any good faith effort to discover an address for Dana Fritz, nor the acting principals for either Shapiro for Pennsylvania or VICE.com.

In **Township of Lycoming v. Shannon**, … 780 A.2d 835 ([Pa. Cmwlth.] 2001), the Commonwealth Court ruled that a complaint that was never properly served was "dead" upon the expiration of thirty (30) days. This [c]ourt finds that appears to be the same case as the instant matter. Since service is "dead", the inquiry ends there.

Trial Court Opinion, 1/16/24, at 2-4 (citations omitted).

The plaintiff bears the burden to establish that he or she made a good faith effort to serve the original process on the defendant. **See Farinacci v. Beaver County Industrial Development Authority**, 511 A.2d 757, 759 (Pa. 1986). Whether a plaintiff has made a good-faith effort to serve the defendant is determined by the trial court using its sound discretion on a case-by-case basis. **See id**.

The record shows that the only attempt at service in the underlying action was on the final day to timely serve the complaint. Further, there is no

evidence of any attempt to effect service on any defendant other than Shapiro.

Importantly, Shuppe does not contend that service was proper pursuant to our Rules of Civil Procedure. Rather, she contends simply that service was proper "in accordance with [Shapiro's] office's 'COVID-19' policy." Even if we assumed, *arguendo*, that Shuppe was told service could be made by drop-box, this does not override compliance with our Rules of Civil Procedure. Shuppe was still required to act in good faith in effecting service and service still had to be to each defendant by a sheriff's officer.

Shuppe also argues that the service by drop box at the Attorney General's office counted as service for all of the Shapiro Defendants. We do not agree. The affidavit of the process server does not include any of the defendant's names, including Shapiro's name. Rather, for the "Name of the Person to be Served", the process server filled in "Department of Attorney General Drop Box." There is nothing in the record that demonstrates the process server asked for anyone by name, checked if service could be made on each named defendant at that address, or somehow notified the Attorney General's office generally that this one attempt at service was for three named defendants. Nor has Shuppe presented any evidence that the process server otherwise attempted to obtain appropriate addresses for any of the Shapiro Defendants.

Further, Shuppe made no additional attempts to serve any of the defendants over the eight months since this initial attempt at service nor any attempt to ensure service had actually been properly accomplished.

The irregularities in service noted by the trial court are sufficient to support the court's conclusion that service was not properly made on all defendants. We therefore cannot conclude the trial court abused its discretion in sustaining the preliminary objections on this record.

In any event, we note Shuppe has not even raised or otherwise preserved a challenge to the merits of the court's finding that service was improper on appeal. Rather, Shuppe raises the following issues on appeal:

> 1. Whether the trial court committed error in allowing the [Shapiro] Defendants to file preliminary objections and come within the jurisdiction of the court when they were properly served in accordance with their own "COVID-19" policies; failed to file an answer; and where default was properly presented to the prothonotary, fulfilling all requirements for entry of default in this action for defamation, the only remaining issue to be litigated being that of damages?
>
> 2. Whether the trial court committed error in going beyond the jurisdictional questions concerning proper notice, proper entry of default, proper service of same, and addressing preliminary objections filed by the defendants, and, going further to address the substantive merits of plaintiff's defamation claims where plaintiff satisfied the steps to obtain default, and there was no procedural mechanism by which the trial court could reach substantive merits of the defamation claims lodged against defendants?
>
> 3. Assuming, without conceding, that the trial court could address the "substantive merits" of plaintiff's defamation claims, without ever[] holding [a] hearing or conducting discovery, did the trial court nonetheless err in its ruling on the merits of plaintiff's claims that the defamatory statements were "protected opinion," where

plaintiff presented hard evidence of the defamatory actions and conduct of defendants, thereby satisfying the pleading standards required to survive summary dismissal of her defamation claims against defendants?

Appellant's Brief, at 9. These issues are not properly before us since, as stated above, jurisdiction was never established by proper service in the first place.

However, instead of challenging the merits of the court's determination regarding service, Shuppe spends a considerable amount of her argument section confusingly arguing that discussions about whether or not service was proper were not required or allowed because the defendants were properly served.[3] Not only is this argument not persuasive to our analysis, we are uncertain how Shuppe, or anyone else for that matter, could conclude service was proper without a discussion on that very topic.

In any event, assuming *arguendo* that the court erred in finding service was ineffective, we would conclude Shuppe's three above issues were either waived or not properly before us.

The Shapiro Defendant's argue that Shuppe has waived her first issue by not raising it in the lower court. **See** Appellees' Brief, at 25-28. We agree.

---

[3] We note, while Shuppe's brief contains an argument section, it is not divided "into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Rather, Shuppe's argument section is only one main section titled "Argument and Analysis." Upon review, it appears the above three issues are encompassed within the argument section, albeit somewhat haphazardly. The argument section flows from issue to issue without any demarcation, with an entire two pages in the middle of the issues seemingly devoted to a fourth issue, regarding venue, which is not properly before this Court.

Shuppe never filed any of her own preliminary objections to the Shapiro Defendant's preliminary objections, nor did she raise any issue with the filing of those objections during the argument held on those objections. Rather, Shuppe argued the merits of the preliminary objections. As such this claim would be waived.

Shuppe's final two issue statements pertain only to the court's apparent consideration of the substantive merits of her defamation claims and her own analysis of those claims. Again, in the order appealed from, the court dismissed Shuppe's complaint on procedural grounds only. Any discussion that may have occurred pertaining to the substance of Shuppe's claims in her complaint is irrelevant to the court's conclusion regarding its lack of jurisdiction due to improper service, and the current appeal therefrom.

Therefore, as we find the trial court did not abuse its discretion in sustaining the preliminary objections, we affirm the order dismissing Shuppe's complaint on that basis.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/13/2024