J-A11027-19

2019 PA Super 319

| | | |
|---|---|---|
| VICTOR R. SAWYERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOVELETTE DAVIS AND JOSITA | : | No. 1186 MDA 2018 |
| DEJESUS | : | |

Appeal from the Order Entered July 6, 2018
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2016-CV-07689-CV

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

OPINION BY BOWES, J.:                                **FILED OCTOBER 22, 2019**

Victor R. Sawyers appeals from the July 6, 2018 order denying reconsideration of the June 19, 2018 order dismissing his complaint against Novelette Davis with prejudice, and expressly determining, pursuant to Pa.R.A.P. 341(c), that "an immediate appeal would facilitate resolution of the entire case."[1]  We vacate the order dismissing the case and remand for further proceedings.

---

[1] We *sua sponte* examined whether Pa.R.A.P. 341(c) certification was proper in this case.  **See Wisniski v. Brown & Brown Ins. Co.**, 852 A.2d 1206, 1209-10 (Pa.Super. 2004), *vacated on other grounds*, 887 A.2d 1238 (Pa. 2005) (relying on **F.D.P. ex rel. S.M.P. v. Ferrara**, 804 A.2d 1221, 1227 n.6 (Pa.Super. 2002)) ("This Court may review the merits of the trial court's certification decision, even if the parties do not challenge that decision.").

We considered the same factors the trial court considered in making its Rule 341(c) certification decision, which were identified in **Pullman Power**

This lawsuit arises from a head-on collision on October 20, 2014, on

State Route 322 in Dauphin County, Pennsylvania. Appellant was a passenger

_____

***Products of Can. Ltd. v. Basic Eng'rs, Inc.***, 713 A.2d 1169, 1173-74
(Pa.Super. 1998):

> (1) whether there is a significant relationship between
> adjudicated and unadjudicated claims;
>
> (2) whether there is a possibility that an appeal would be mooted
> by further developments;
>
> (3) whether there is a possibility that resolution of legal issues by
> this Court will aid the trial court in resolving the same issue in this
> case or in other cases; and
>
> (4) whether an immediate appeal will enhance the prospects for
> settlement.

***Id***. We also considered the purpose of Rule 341(c): "to allow for an immediate
appeal of a 'final' order relating to [fewer] than all the parties or [fewer] than
all claims[,]" *i.e*. "orders dismissing parties and dismissing claims." ***See
F.D.P.***, ***supra*** at 1227. We concluded that all four factors weighed in favor
of allowing the appeal.

The Dissent reaches a contrary result. Initially, the Dissent focuses on the
fact that the trial court did not set forth its analysis of the ***Pullman*** factors in
its order or opinion. It goes so far as to assume that the court did not weigh
the factors. Similarly, it faults Appellant for failing to anticipate that we would
*sua sponte* question the propriety of certification and discuss it in his brief.
We find the assumption and criticism unwarranted in the absence of a rule or
judicial authority requiring trial courts and appellants to defend the
certification decision on appeal.

After conducting an independent analysis of the certification decision, our
esteemed Colleague concluded that the third and fourth factors disfavored
certification, and that the appeal should be quashed for lack of jurisdiction.
We disagree with the narrow view of the service of process issue taken by the
Dissent. Since service of process potentially implicates the larger issues of
comparative negligence and joint tortfeasor liability, we find that an
immediate appeal may avoid a second trial and promote settlement. For those
reasons, we conclude that the third and fourth ***Pullman*** factors, as well as
the first two factors, support Rule 341(c) certification.

in a vehicle driven by his cousin Ms. Davis, which collided head-on with a vehicle operated by Josita DeJesus. Appellant filed a complaint against both Ms. Davis and Ms. DeJesus on October 12, 2016, alleging that their negligence caused his injuries. Specifically, Appellant pled that Ms. Davis was driving the wrong way on a one-way road while legally intoxicated at the time of the accident. Complaint, 10/12/16, at ¶13. He also alleged that Ms. DeJesus was driving negligently and recklessly and that she was operating her vehicle while under the influence of illegal drugs.

Appellant made several unsuccessful attempts through the Sheriff's office to personally serve the defendants. With respect to Ms. Davis specifically, the Sheriff's November 9, 2016 return of service reported that Ms. Davis was not found at the address listed in the police report. The return further indicated that Ms. Davis called and advised the Sheriff on November 9, 2016, that she lived out of town, and noted that she refused to provide a current address.

Appellant filed a *praecipe* to reinstate the complaint on November 25, 2016, and again tried to effect personal service upon Ms. Davis at a different address on Lexington Street in Harrisburg. The Sheriff filed a return indicating that Ms. Davis was not found at that address on December 1, 2016, and that the current resident stated that Ms. Davis did not live at that address. On January 27, 2017, Appellant filed another *praecipe* to reinstate the complaint. On February 1, 2017, the Sheriff attempted to serve Ms. Davis at an address

- 3 -

on South 13th Street in Harrisburg. The return of service indicated that Ms. Davis did not live there and was unknown to the person residing there.

On February 27, 2017, Appellant filed a petition for alternative service upon Ms. Davis. In it, Appellant described the multiple attempts to serve Ms. Davis at addresses gleaned from the police report, four internet database searches, and a deed search. Counsel for Appellant appended to the petition his own affidavit attesting to the facts in the petition, a memorandum of law, the police report, copies of the service returns, the internet results summaries for the database searches, and deed search results. The trial court denied the petition because it was not a proper application for the relief sought under Local Rule 206.1, and the pleading did not contain a proposed order and rule to show cause or a distribution legend reflecting the persons to be served. The court directed Appellant to read the local rules, to resubmit a conforming filing, and to conduct a good faith investigation and internet search to locate Ms. Davis.[2]

Thereafter, according to counsel for Appellant, he spoke to Ms. Davis and learned that she was living in Brooklyn, New York. He hired a search

_____

[2] Appellant was making similar efforts to serve Ms. DeJesus throughout this same period. On April 17, 2017, Appellant filed a motion for alternative service with regard to that defendant, and the court directed Appellant to serve Ms. DeJesus by regular mail and certified mail, return receipt requested, at her last four known addresses, and to post property located at 2364 Berryhill Street. Counsel filed an affidavit attesting that he had complied with the court's order, and ten days later, counsel entered an appearance on behalf of Ms. DeJesus.

service to locate Ms. Davis's address. Counsel then sent a copy of the complaint by certified mail, return receipt requested, to Ms. Davis at that address in compliance with the rules for service of out-of-state defendants, and filed an affidavit of service detailing those steps. **See** Affidavit, 3/24/17, at 1; **see also** Pa.R.C.P. 404 and 403. Counsel for Appellant attached thereto a USPS sender's receipt, and the information from the search service showing that Ms. Davis lived at that Brooklyn address.

Counsel for Appellant filed yet another *praecipe* to reinstate the complaint on May 9, 2017, and a second affidavit on June 8, 2017, appended to which were "USPS Tracking Results" indicating service was made by certified mail to an individual at 2822 Beverley Road, Brooklyn, New York 11226 on March 27, 2017.

The record reveals that counsel for Appellant notified Ms. Davis's insurer that service had been effectuated and provided a courtesy copy of the complaint. The insurer requested and was granted a short extension in which to file an answer on behalf of its insured. When no answer was forthcoming almost one year later, Appellant filed a ten-day notice of default. Just a few days later, on April 20, 2018, counsel for Ms. Davis filed preliminary objections endorsed with a notice to plead, alleging that service of process was improper as it was not sent certified mail, return receipt requested. Appellant filed preliminary objections to Ms. Davis's preliminary objections challenging their

timeliness, and appended thereto additional documentation obtained from the USPS.

The trial court heard oral argument on the preliminary objections on June 19, 2018. In support of the preliminary objections, counsel for Ms. Davis argued that service had to be effected by certified mail, return receipt requested, and that it required the return receipt bearing the signature of the defendant or her authorized agent. Counsel for Appellant countered that the complaint was sent certified mail, return receipt requested, as he had attested in his affidavits filed with the court. However, he represented that the green return receipt card was lost by the USPS. Counsel supplied tracking documentation from the USPS showing that the complaint was delivered at the Brooklyn address, and the scanned signature of the individual who accepted it. Moreover, counsel for Appellant orally represented to the court that Ms. Davis had contacted him and was aware of the lawsuit and the earlier attempts to serve her.

The trial court subsequently ruled that Appellant did not achieve service on Ms. Davis by certified mail, return receipt requested in accordance with Pa.R.C.P. 404 and 403. In support of its finding, the court pointed to the lack of a green return receipt card, a notation on the tracking documents that said merely "certified mail," and the absence of a USPS letterhead on the correspondence containing the scanned signature. Trial Court Opinion, 9/21/18, at 9. It discounted counsel's representation that he spoke to Ms.

Davis over the telephone as "he offers no proof thereof." *Id*. Moreover, it found that the scribbled signature could not be determined to belong to Ms. Davis. The court concluded that the record was "devoid of any evidence that Ms. Davis had actual notice of the commencement of the litigation." *Id*. at 7. Hence, the court sustained Ms. Davis's preliminary objections to service of process, and dismissed the case against her with prejudice.

Appellant filed a motion for reconsideration on June 29, 2018, to which he appended USPS correspondence containing a copy of the signature from the certified mail return receipt, the internal delivery signature record called "the pink sheet." Motion for Reconsideration, 6/29/18, at ¶10, Exhibit H. Reconsideration was denied by order entered July 6, 2018, which contained the trial court's express determination "that an immediate appeal of this Order would facilitate resolution of the entire case." Order, 7/6/18, at 1. Appellant timely appealed and he presents one question for this Court's review:

> Pa.R.Civ.P. 404 permits service of process outside the Commonwealth by mail, consistent with Pa.R.Civ.P. 403. Under Pa.R.Civ.P. 403, service is complete upon delivery of mail requiring a receipt to a defendant or his authorized agent. Therefore, did the trial court err by dismissing the complaint when Plaintiff (1) served the complaint by certified mail return receipt requested at defendant's New York residence and (2) the U.S. Postal Service confirmed delivery of the complaint and provided a receipt containing the signature of the individual who accepted the mailed complaint at defendant's residence?

Appellant's brief at 4 (unnecessary capitalization omitted).

We are reviewing an order that sustained preliminary objections to service of process and dismissed the action. In conducting such review, "our

- 7 -

standard of review is *de novo* and our scope of review is plenary. We must determine whether the trial court committed an error of law." ***Trexler v. McDonald's Corp.***, 118 A.3d 408, 412 (Pa.Super. 2015) (internal citations and quotation marks omitted).

When we review the trial court's ruling on preliminary objections, we apply the same standard as the trial court. ***Id***. In deciding a preliminary objection for lack of personal jurisdiction that, if sustained, would result in dismissal, the court must consider the evidence in the light most favorable to the nonmoving party. ***Hall-Woolford Tank Co., Inc. v. R.F. Kilns, Inc.***, 698 A.2d 80 (Pa.Super. 1997). Where upholding the sustaining of preliminary objections results in dismissal of the action, we may do so only in cases that are clear and free from doubt. ***Baker v. Cambridge Chase, Inc.***, 725 A.2d 757, 764 (Pa.Super. 1999).

A mere allegation that the court lacks jurisdiction does not automatically place the burden on the plaintiff to prove that the court has jurisdiction. A defendant challenging personal jurisdiction by preliminary objection bears the burden of supporting such objections by presenting evidence. ***Trexler***, ***supra*** at 412 (citing ***De Lage Landen Fin. Servs., Inc. v. Urban P'ship, LLC***, 903 A.2d 586, 590 (Pa.Super. 2006)) ("The burden of proof only shifts to the plaintiff after the defendant has presented affidavits or other evidence in support of its preliminary objections challenging jurisdiction."). When the plaintiff introduces such evidence, defendant must come forward and rebut it.

Service of original process upon an out-of-state defendant is governed by Pa.R.C.P. 403-405. Rule 404 provides in pertinent part: "Original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof. . . (2) by mail in the manner provided by Rule 403." Pa.R.C.P. 404. Rule 405(c) provides that service of process by mail under Rule 403 "shall include a signed return receipt signed by the defendant." Pa.R.C.P. 405. Rule 403 directs that "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." Pa.R.C.P. 403. Nonetheless, Pa.R.C.P. 126 provides that the Rules of Civil Procedure "shall be liberally construed" and that courts "at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126.

In support of her claim that service of process was defective, Ms. Davis relies solely upon a technical defect in the service of process: the lack of a return receipt card. She maintained below, and renews the argument herein, that absent a return of service bearing her signature, original service of process was not effectuated. Davis's brief at 12-13 (citing **ANS Assocs. v. Gotham Ins Co.**, 42 A.3d 1074 (Pa.Super. 2012)).

Appellant offered evidence in the form of an affidavit that the complaint was mailed by certified mail, return receipt requested as provided in the rules.

Appellant contended below, and again on appeal, that counsel complied with the Rules, but that the green return receipt card was lost by the USPS. In lieu of a return receipt, Appellant provided USPS tracking documentation confirming that the complaint was sent by certified mail and that it **was delivered** to an individual who **signed** for it at the Brooklyn address where the search service had located Ms. Davis. The USPS also furnished a scanned copy of the signature of the recipient, although it was not clear that the signature belonged to Ms. Davis.

Ms. Davis offered no countervailing evidence, not even an affidavit. Furthermore, she did not dispute that the Brooklyn address was a valid address for her, deny receiving the certified mail, disavow the signature on the return receipt, or allege that the person who signed the receipt was not authorized to do so. Despite the total absence of countervailing proof, the trial court focused on purported inadequacies in Appellant's proof. It noted that the certified mail sender's receipt was not post-marked; the USPS tracking document indicated that it was sent "certified," but did not denote return receipt requested; and that the "unsigned letter from the USPS, not on letterhead" provided only "a scanned image of an illegible scribble and no printed version of the name." Trial Court Opinion, 9/21/18, at 7. The trial court concluded that, despite the additional documentation from the USPS, "[t]echnical non-compliance with the service of process rules was never properly cured." *Id*.at 9. "Based upon this evidence," the court reasoned, "it

- 10 -

cannot be concluded that service was properly effectuated on Novelette Davis." *Id*. at 7.

We find the trial court's ruling flawed in many respects. First, the trial court did not view the evidence in the light most favorable to Appellant as the non-moving party, as it was required to do. The certified mail sender's receipt, although not postmarked, contains the name of the intended recipient, Novelette Davis, at 2822 Beverley Road, Brooklyn, New York, 11226. It bears a twenty-digit number, which is the same number that is referenced on the USPS tracking results. The tracking results confirm that the mail associated with that sender's receipt arrived at the United States Post Office in Brooklyn on March 25, 2017 at 2:00 p.m., and was delivered to an individual at the address noted on March 27, 2017, at 10:59 a.m. The recipient signed for it. Further inquiry from Appellant's counsel yielded correspondence from the USPS showing a scanned copy of the signature of the recipient and the address.

Moreover, in our review of the record, we observed the following. Service was attempted upon Ms. DeJesus by certified mail, return receipt requested, as evidenced by a green return receipt card in the file. Notably, the USPS tracking information for that attempted service described the product merely as "certified mail," the same notation as the one appearing on the tracking documents for Ms. Davis. Thus, the "certified mail" notation on

the USPS tracking documents was apparently the designation used by the USPS for certified mail, return receipt requested.

The trial court makes much of the fact that the USPS correspondence is not on USPS letterhead and that the name of the recipient is illegible. However, Ms. Davis did not challenge the authenticity of the USPS documents. Nor did she deny, let alone offer any evidence, refuting that delivery was made at her address, or that she signed for it.[3]

We find that Appellant offered sufficient evidence that he had complied with the manner of service designated in Rules 403, 404, and 405 to shift the burden back to Ms. Davis. Ms. Davis offered no evidence refuting Appellant's evidence that service complied with the Rule. Glaringly absent was any allegation or proof that she did not reside at 2822 Beverley Road, Brooklyn, New York, that delivery was not made, or that it was not her signature on the USPC pink sheet.

As the Supreme Court noted in ***Cintas Corp. v. Lee's Cleaning Services, Inc.***, 700 A.2d 915, 917 (Pa. 1997), "the absence of or

---

[3] The trial court did not hide its displeasure with Appellant's counsel for opting to serve Ms. Davis by certified mail return receipt upon learning that she was living out-of-state, rather than seeking leave of court a second time to serve Ms. Davis pursuant to a special order of court directing service by alternate means pursuant to Pa.R.C.P. 430. We find this criticism unwarranted. Pa.R.C.P. 430 provides that if alternate service is to be used "if service cannot be made under the applicable rule." The applicable rule was Pa.R.C.P. 404, which governs service outside the Commonwealth. Appellant could not make the necessary showing that he was unable to make service pursuant to that Rule until he attempted to do so, and was unsuccessful. That did not occur.

a defect in a **return of** service does not necessarily divest a court of jurisdiction of a defendant who was properly served." ***Id***. (citation omitted; emphasis in original). The Court added that, "So long as the return of service provides sufficient facts to allow the court to determine if service was proper, technical defects in the return will not deprive the court of jurisdiction." ***See id***.

We find that the evidence, viewed in the light most favorable to the non-moving party, Appellant herein, showed that service was made by certified mail return receipt requested. Thus, "Service [was] complete upon delivery of the mail." Pa.R.C.P. 403.

In addition, Appellant argues that any technical defect in service of process was excused because Ms. Davis had notice of the lawsuit. In ***McCreesh v. City of Philadelphia***, 888 A.2d 664, 666 (Pa. 2005), our Supreme Court adopted the more flexible approach advocated in ***Leidich v. Franklin***, 575 A.2d 914 (Pa.Super. 1990), "excusing plaintiffs' initial procedurally defective service where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced." Our High Court concluded that this view "sufficiently protects defendants from defending against stale claims without the draconian action of dismissing claims based on technical failings that do not prejudice the defendant." ***Id***.

The trial court acknowledged that actual notice could excuse technical defects in service. However, the court found the record to be "devoid" of

evidence that Ms. Davis had notice of the lawsuit, and dismissed counsel's representations that he had spoken to Ms. Davis[4] and that she knew about the lawsuit, as "he offered no proof thereof."[5]  Trial Court Opinion, 9/21/18, at 9.

_____

[4]  Counsel for Appellant represented to the court that:

> Miss Davis, in fact, called my office and said I had notice from relatives that you have been trying to send me a lawsuit and I moved.  I am in New York now.  Thereafter we made an attempt via paid Intelius internet search and we found the Brooklyn address confirming Miss Davis'[s] date of birth and address, phone number, etc.  I personally thereafter sent via certified mail, return receipt requested, to Miss Davis at that address and waited to see what the outcome would be.  The complaint was sent to her.  We were waiting for the return receipt which we did not receive at that point.
>
> So I effectuated a search via the U.S. Postal Service system and the tracking number that was given to us on the original green card which was included in our P[reliminary] O[bjection]'s to P[reliminary] O[bjection]'s.  We got confirmation that it was served on an individual via certified mail to that address which we have confirmation of.

N.T. Argument on Preliminary Objections, 6/19/18, at R. 210a.  The transcript is contained in the reproduced record, but not in the certified record.  However, as there appears to be no dispute as to what was said at the argument, we may rely upon the reproduced record in this regard.

[5] The court held an argument on the preliminary objections, not an evidentiary hearing pursuant to Pa.R.C.P. 1028.  Affidavits were accepted *in lieu* of testimony, as well as documents that were hearsay and not authenticated.  Against this backdrop, it is somewhat incongruous that the trial court refused to consider counsel's representation in open court that Ms. Davis had telephoned him and conveyed that she was aware of the lawsuit because "he offered no proof thereof."  Trial Court Opinion, 9/21/18, at 9.

The record refutes the trial court's assessment of the evidence. Counsel's representations were not the only indication that Ms. Davis had notice of the lawsuit. The November 9, 2016 Sheriff's return bore a notation that Ms. Davis called and advised the Sheriff on that date that she lived out of town. It stated further that Ms. Davis refused to provide a current address. One can reasonably infer from the fact that Ms. Davis initiated contact with the Sheriff's office that she knew that service had been attempted at her former address, that she had notice of the lawsuit, and that she was avoiding service.

For the foregoing reasons, we find that it was not clear and free from doubt that service of process was defective, and hence, dismissal of the action was improper. Ms. Davis offered no evidence to refute Appellant's evidence that counsel served the complaint by certified mail return receipt requested in compliance with Rules 403, 404, and 405. Furthermore, there was evidence in the record that Ms. Davis had notice of the lawsuit. Hence, we vacate the

_____

When counsel made such representations, he was obligated to tell the truth based upon the attorney's duty of candor toward the tribunal set forth in Pennsylvania Rule of Professional Conduct 3.3. That rule forbids attorneys to knowingly "make a false statement of material fact or law to a tribunal" or "offer evidence knowing it to be false." The comment to the Rule provides, "an assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry." Explanatory Comment to Pa. Rule of Professional Conduct 3.3.

order sustaining the preliminary objections and dismissing the case with prejudice and remand for further proceedings.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judge Stabile joins the opinion.

Judge Olson files a dissenting opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2019