J-A11027-19

2019 PA Super 319

| | | |
|---|---|---|
| VICTOR R. SAWYERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOVELETTE DAVIS AND JOSITA | : | No. 1186 MDA 2018 |
| DEJESUS | : | |

Appeal from the Order Entered July 6, 2018
In the Court of Common Pleas of Dauphin County
Civil Division at No(s):  2016-CV-07689-CV

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

DISSENTING OPINION BY OLSON, J.:          **FILED OCTOBER 22, 2019**

I must respectfully dissent from my learned colleagues.  I would reverse the certification of finality under Pennsylvania Rule of Appellate Procedure 341(c) and remand.

As the majority ably explains, on October 12, 2016, Appellant, Victor R. Sawyers, filed a complaint, which named both Novelette Davis (hereinafter "Defendant Davis") and Josita DeJesus (hereinafter "Defendant DeJesus") as defendants.  Appellant's Complaint, 10/12/16, at 1-10.  Within the complaint, Appellant averred that, on October 20, 2014, he was a passenger in a vehicle operated by Defendant Davis.  *Id.* at ¶ 5.  He averred that the vehicle "collided head-on with a vehicle operated by Defendant DeJesus, causing [Appellant] injuries and damages."  *Id.*  Appellant claimed that both Defendant Davis and Defendant DeJesus were negligent and liable to him for causing his injuries.

*See id.* at 1-10. Defendant DeJesus answered the complaint on September 18, 2017. *See* Defendant DeJesus' Answer and New Matter, 9/18/17, at 1-7.

On April 12, 2018, Appellant "mailed a 10-day notice of intention to enter judgment by default to Defendant Davis and [Defendant Davis' insurance company] because Defendant Davis never filed an answer" to the complaint. Appellant's Brief at 9 (some capitalization omitted). In response, Defendant Davis filed preliminary objections to Appellant's complaint and claimed that Appellant never properly served her with the complaint. Defendant Davis' Preliminary Objections, 4/20/18, at ¶¶ 18-36; *see also* Pa.R.C.P. 1028(a)(1). Defendant Davis thus requested that the trial court dismiss Appellant's claims against her with prejudice. Defendant Davis' Preliminary Objections, 4/20/18, at ¶ 36.

The trial court heard argument on the preliminary objections and, on June 19, 2018, the trial court entered an order sustaining Defendant Davis' preliminary objections on the ground of improper service of the complaint; further, since the statute of limitations on Appellant's claims had expired, the trial court ordered Appellant's complaint against Defendant Davis dismissed with prejudice. Trial Court Order, 6/19/18, at 1; *see also* Trial Court Opinion, 9/21/18, at 4.

On June 29, 2018, Appellant filed a motion for reconsideration of the June 19, 2018 order. Appellant's motion requested that the trial court either enter an order overruling Defendant Davis' preliminary objections or "amend its current order, to state that an immediate appeal to the Pennsylvania

Superior Court would facilitate effective resolution of the entire case."
Appellant's Motion for Reconsideration, 6/29/18, at 8. With respect to the
latter request, Appellant provided no argument or reason as to why the trial
court should so amend its order. **See id.**

On July 6, 2018, the trial court entered the following order:

> AND NOW, this 6th day of July 2018, upon consideration of
> [Appellant's] Motion for Reconsideration of [the] June 19,
> 2018 order which dismissed [Appellant's] complaint against
> [Defendant Davis], with prejudice, it is hereby ORDERED that
> said motion is DENIED.
>
> This court expressly determines that an immediate appeal of
> this order would facilitate resolution of the entire case.

Trial Court Order, 7/6/18, at 1 (emphasis and some capitalization omitted).

On July 18, 2018, Appellant filed a notice of appeal from the trial court's
July 6, 2018 order. Appellant claims on appeal that the trial court erred when
it dismissed his complaint against Defendant Davis on the ground of improper
service. **See** Appellant's Brief at 4. Within his brief, Appellant does not discuss
the propriety of the trial court's certification "that an immediate appeal of this
order would facilitate resolution of the entire case."[1] **See id.** at 1-31. Further,

---

[1] Within Appellant's statement of jurisdiction, Appellant claims that we have
jurisdiction over this appeal "pursuant to 42 Pa.C.S. § 702(b)." Appellant's
Brief at 1. Appellant is not correct.

42 Pa.C.S.A. § 702(b), entitled "interlocutory appeals by permission,"
declares:

> When a court or other government unit, in making an
> interlocutory order in a matter in which its final order would

within the trial court's opinion to this Court, the trial court does not explain why it certified its order for immediate appeal. **See** Trial Court Opinion, 9/21/18, at 1-11. I would reverse the trial court's certification.

_____

> be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S.A. § 702(b).

We have held:

> [the Section 702(b)] certification is a jurisdictional prerequisite to the filing of a petition for permission to appeal pursuant to Chapter Thirteen of the Appellate Rules of Procedure. If the trial court's order from which the appeal is sought to be taken contains the requisite certification and if a petition for permission to appeal is filed pursuant to Chapter Thirteen, only then may we exercise our discretion to permit the appeal. If a petition for permission to appeal is filed without the requisite Section 702(b) statement or if no petition for permission to appeal is filed with the appellate court, the appeal will be quashed, as we are without jurisdiction to exercise our discretion in this regard.

**Commonwealth v. Brister**, 16 A.3d 530, 534-535 (Pa. Super. 2011) (quotations, citations, and some capitalization omitted).

In the case at bar, the trial court's July 6, 2018 order does not contain the requisite Section 702(b) certification and Appellant did not file a "petition for permission to appeal" the order. Therefore, the order is not appealable under Section 702(b).

As we have explained, this Court is obligated to "first ascertain whether the [order appealed from] is properly appealable, because the question of appealability implicates the jurisdiction of this [C]ourt." ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). "The general rule is that, unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." ***Commonwealth v. Sartin***, 708 A.2d 121, 122 (Pa. Super. 1998).

Pennsylvania Rule of Appellate Procedure 341 defines a "final order" as any order that:

> (1) disposes of all claims and of all parties; or
>
> . . .
>
> (3) is entered as a final order pursuant to paragraph (c) of this rule.

Pa.R.A.P. 341(b).

In relevant part, Rule 341(c) declares:

> **(c) Determination of finality**.--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(c).

Appellant's claims against Defendant DeJesus are viable and ongoing. Therefore, the trial court's July 6, 2018 order – which reaffirmed the dismissal of Appellant's complaint against Defendant Davis – did not "dispose[] of all claims and of all parties" and is not final under Rule 341(b)(1).  Hence, it must be determined whether the order is properly appealable under Rule 341(c).

Rule 341(c) permits a trial court to "enter a final order as to one or more but fewer than all of the claims and parties" by making an "express determination that an immediate appeal would facilitate resolution of the entire case."  Pa.R.A.P. 341(c).  The note to Rule 341 declares:

> [Rule 341(c)] permits an immediate appeal from an order dismissing less than all claims or parties from a case only upon an express determination that an immediate appeal would facilitate resolution of the entire case.  Factors to be considered under paragraph (c) include, but are not limited to:
>
> > (1) whether there is a significant relationship between adjudicated and unadjudicated claims;
> >
> > (2) whether there is a possibility that an appeal would be mooted by further developments;
> >
> > (3) whether there is a possibility that the court or government unit will consider issues a second time; and
> >
> > (4) whether an immediate appeal will enhance prospects of settlement.

Pa.R.A.P. 341 note.

There is a tension between Rule 341(c) and the 1992 amendment to Rule 341.  As the note to Rule 341 explains:

- 6 -

The 1992 amendment [to Rule 341] generally eliminates appeals as of right under Pa.R.A.P. 341 from orders not ending the litigation as to all claims and as to all parties. Formerly, there was case law that orders not ending the litigation as to all claims and all parties are final orders if such orders have the practical consequence of putting a litigant out of court.

*Id.*

Given that Rule 341(c) permits a trial court to certify an otherwise non-appealable, interlocutory order as final and immediately appealable, the use of Rule 341(c) must be cabined, lest it swallow the general rule of finality. Therefore, as we have held:

A determination that an immediate appeal of a non-final order is appropriate **should be made only in the most extraordinary circumstances** because such action would frustrate the amendments to the Rule. The revisions to the Rule were designed to eliminate the confusion created by the prior case law and to prevent piecemeal appeals which unnecessarily result in delay.

. . .

**The mere fact that some of the parties have been dismissed from a case, or that some of the counts of a multi-count complaint have been dismissed is insufficient reason to classify an order as final**. While the comment to Rule 341 suggests areas where certification may be appropriate, **courts are cautioned to refuse to classify orders as final except where the failure to do so would result in an injustice which a later appeal [cannot] correct**.

*Pullman Power Prods. of Can. Ltd. v. Basic Eng'rs, Inc.*, 713 A.2d 1169, 1172-1173 (Pa. Super. 1998) (quotations and citations omitted) (emphasis added), *quoting* *Liberty State Bank v. N.E. Bank of Pa.*, 683 A.2d 889, 890

(Pa. Super. 1996) and **McKinney v. Albright**, 632 A.2d 937, 939 (Pa. Super. 1993).

The trial court's July 6, 2018 order declares: "this court expressly determines that an immediate appeal of this order would facilitate resolution of the entire case." Trial Court Order, 7/6/18, at 1. This language tracks the requirements of Rule 341(c); thus, the trial court certified that its July 6, 2018 order is a "final order." Nevertheless, under our precedent, we may look behind a trial court's certification to determine whether the trial court properly certified an otherwise interlocutory order as final – and we may do so *sua sponte*. **Pullman Power Prods.**, 713 A.2d at 1174 (reversing the trial court's Rule 341(c) certification of an order as final); **F.D.P. v. Ferrara**, 804 A.2d 1221, 1227 n.6 (Pa. Super. 2002) (*sua sponte* raising and analyzing the issue of whether the trial court properly certified its order as final under Rule 341(c) and concluding that the trial court did, in fact, properly certify its order as final); **see also Knopick v. Boyle**, 189 A.3d 432, 436 (Pa. Super. 2018) ("[t]he appealability of an order directly implicates the jurisdiction of the court asked to review the order. Accordingly, this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable") (quotations and citations omitted). Our opinion in **Pullman Power Products** guides my inquiry into whether the trial court properly certified its order as final.

In **Pullman Power Products**, Pullman filed a complaint against Stone & Webster Canada, Limited ("S&W") and Basic Engineers, Inc. ("Basic"). Essentially, the complaint alleged that the defendants breached their

contractual duties to Pullman. ***See Pullman Power Prods.***, 713 A.2d at 1170-1171.

S&W filed preliminary objections to the complaint and claimed lack of personal jurisdiction. ***Id.*** at 1171. The trial court sustained S&W's preliminary objections and dismissed Pullman's complaint against it with prejudice. With Pullman's claims against Basic still extant, the trial court certified the order dismissing S&W from the case as final, by providing "it is expressly determined that an immediate appeal of this order would facilitate resolution of the entire case." ***Id.*** (some capitalization omitted).

Both Pullman and S&W filed appeals to this Court. Pullman claimed that the trial court erred in sustaining S&W's preliminary objections; S&W claimed that the trial court erred in certifying the order as final under Rule 341(c). We agreed with S&W and held that the trial court erred when it certified its order as final. ***Id.*** at 1174.

At the outset, we looked at the note to Rule 341 and at the above-quoted four, nonexclusive "[f]actors to be considered" for certification under Rule 341(c). We held:

> the trial court should consider at least the four factors mentioned in the Official Note to Rule 341, and [] the trial court should only certify a non-final order for immediate appeal in "the most extraordinary circumstances" and "where the failure to do so would result in an injustice which a later appeal [cannot] correct." Accordingly, we find that the aforementioned factors and requirements should be considered and met before a trial court may certify, pursuant to Pa.R.A.P. 341(c), a non-final order for immediate appeal to this Court.

*Id.* at 1173 (some citations omitted).

The ***Pullman Power Products*** Court remarked that the trial court in its case "provided no rationale for its order certifying this case for immediate appeal; it did not specifically find extraordinary circumstances and it did not specifically find that a failure to classify its order as final would result in an injustice which a later appeal could not correct." ***Id.*** This Court then independently analyzed the four factors listed in the note to Rule 341, to determine the propriety of the certification. We held: 1) there was not a "significant relationship between [the] adjudicated [claim against S&W] and [the unadjudicated claims against] Basic;" 2) "[t]he outcome of Pullman's lawsuit against Basic would not preclude [Pullman's] pursuance of its lawsuit against S&W;" 3) although there was "the possibility that a court [would] have to consider the jurisdictional issue again if an immediate appeal were not permitted, . . . the failure to consider the issue [during the current appeal would] not result in an injustice to Pullman that a later appeal [could not] correct; and, 4) "settlement may be encouraged regardless of whether this Court decides the jurisdictional issue [during the current appeal]." ***Id.***

Therefore, we held:

> Based upon (a) our aforementioned findings regarding the four factors that the trial court should have considered, pursuant to the Official Note to Pa.R.A.P. 341, in determining whether to certify this case for immediate appeal to this Court; (b) the trial court's failure to demonstrate that extraordinary circumstances justified an immediate appeal in this case; and, (c) the trial court's failure to demonstrate that refusal to classify the . . . order would result in an injustice

which a later appeal cannot correct, we find that the trial court erred in determining that an immediate appeal would facilitate resolution of the entire case.

*Id.* at 1173-1174.

We thus reversed the trial court's certification order. *Id.* at 1174.

As applied to the case at bar, I initially note that (like the trial court in *Pullman Power Products*) the current trial court did not: analyze the four factors contained in the note to Rule 341(c); demonstrate that extraordinary circumstances justified an immediate appeal in this case; or, demonstrate that refusal to classify its order as final would result in an injustice which a later appeal could not correct. *See* Trial Court Order, 7/6/18, at 1; Trial Court Opinion, 9/21/18, at 1-11. Further, at no point did Appellant ever provide the trial court or this Court with any reason or analysis as to why the trial court should certify its order for immediate appeal or as to why that certification was proper. *See* Appellant's Motion for Reconsideration, 6/29/18, at 1-8; Appellant's Brief at 1-31. Nevertheless, like the *Pullman Power Products* Court, I will independently analyze the propriety of the certification. *See Pullman Power Prods.*, 713 A.2d at 1173-1174. My analysis begins with the four factors listed in the note to Rule 341. Pa.R.A.P. 341 note; *Pullman Power Prods.*, 713 A.2d at 1173.

The first factor is "whether there is a significant relationship between adjudicated and unadjudicated claims." Pa.R.A.P. 341 note. As West's Pennsylvania Practice explains:

> The degree to which adjudicated and unadjudicated claims are related bears directly upon the decision of whether an

- 11 -

appeal under Rule 341(c) is proper. Undesirable tension is created where the trial court and the appeals court simultaneously consider similar factual or legal issues in the context of the same action. Where the adjudicated and unadjudicated claims are closely related, either factually or legally, certification normally should not be granted.

20 WEST'S PENNSYLVANIA PRACTICE, APPELLATE PRACTICE, § 341:6.

In the case at bar, the adjudicated claim concerns service of process on Defendant Davis. This claim is discrete from the unadjudicated negligence claims. Therefore, as in **Pullman Power Products**, this factor does not disfavor the certification.

As was also true in **Pullman Power Products**, the second factor – "whether there is a possibility that an appeal would be mooted by further developments" – does not disfavor the certification. Indeed, the current appeal will be unaffected by the progression or outcome of Appellant's case against Defendant DeJesus. **See** 20 WEST'S PENNSYLVANIA PRACTICE, APPELLATE PRACTICE, § 341:7 ("[t]o the extent that disposition of pending related claims in the trial court may render moot the issue on appeal, certification should not be granted").

Third, I must consider "whether there is a possibility that the court or government unit will consider issues a second time." Pa.R.A.P. 341 note. According to West's Pennsylvania Practice:

There is a possibility that resolution of legal issues by the appellate court will aid the trial court in resolving the same legal issue in the same or other cases. For instance, if the appeal involves the interpretation of a statutory provision, review by the appellate court may aid the trial court in ruling upon the same provisions in the future.

20 WEST'S PENNSYLVANIA PRACTICE, APPELLATE PRACTICE, § 341:8.

Appellant's claims on appeal concern the service of process upon a single defendant. These claims have no bearing upon any other issue in controversy and the resolution of the claims will not aid the trial court in ruling upon the same issues in the future. Therefore, this factor disfavors certification.

Finally, I must consider whether "an immediate appeal will enhance [the] prospects of settlement." Pa.R.A.P. 341 note. As to this factor, I note that Appellant has never made any assertion, whatsoever, that an immediate appeal will enhance the prospects of settlement. Indeed, in Appellant's motion for reconsideration, Appellant simply tacked on a request for certification – without any supporting argument or claim as to why certification would be proper; and, on appeal, Appellant has not provided us with any argument as to why certification was appropriate. I further note that, regardless of the status of Appellant's claims against Defendant Davis, Appellant may always settle any claim he has against Defendant DeJesus. Therefore, in the absence of any statement to the contrary by Appellant, this factor disfavors certification.

Thus, in the case at bar, two of the four factors do not disfavor allowing the immediate appeal, none of the factors weigh heavily in favor of allowing the appeal, and two of the four factors disfavor an immediate appeal. The balancing of the factors thus favors reversal of the trial court's certification. Indeed, in **Pullman Power Products**, the four factors weighed more heavily

in favor of allowing the appeal – and the **Pullman Power Products** Court still reversed the certification.

Further, as was true in **Pullman Power Products**, both the trial court and Appellant failed "to demonstrate that extraordinary circumstances justified an immediate appeal in this case" or that "refusal to classify the . . . order would result in an injustice which a later appeal cannot correct." **See Pullman Power Prods.**, 713 A.2d at 1173-1174.  At the outset, I recognize that postponing review of Appellant's claim might lead to increased costs, in the form of a new trial, if the claim of improper service is determined to be meritorious.  I also recognize that, in appropriate cases, this concern can militate in favor of certification.  **See F.D.P.**, 804 A.2d at 1227 n.6 (finding that the certification was proper, in part, because: "if we delay determining whether [a defendant] properly was dismissed, there is a significant risk of the necessity for costly re-litigation, as the case involves complex issues of liability based on the actions of third parties").  Nevertheless, this concern cannot rule the day – or else certification would become the norm, rather than the exception.  Moreover, in this case, there has been no showing that "the case involves complex issues of liability" where, if review is postponed, "there [would be] a significant risk of the necessity for costly re-litigation." **See id.** Therefore, this concern does not allow for certification.

Finally, with due respect to the litigants, I observe that this is a conventional civil case that concerns an unexceptional service of process issue.  Simply stated, I see no "extraordinary circumstances" that justify an

immediate appeal and I see no possibility that, without an immediate appeal, an injustice would occur that a later appeal could not correct.

I thus conclude that the trial court erred in certifying its order for immediate appeal; accordingly, I conclude that we lack jurisdiction to consider this appeal.[2]  Therefore, I would reverse the portion of the trial court's order that certified the order for immediate appeal and remand.  I respectfully dissent.

_____

[2] I note that interlocutory orders are appealable in certain circumstances.  Our Supreme Court has explained:

> in addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

*Commonwealth v. Garcia*, 43 A.3d 470, 478 n.7 (Pa. 2012) (quotations omitted), *quoting* *McCutcheon v. Phila. Elec. Co.*, 788 A.2d 345, 349 n.6 (Pa. 2002).

Here, the challenged order is not an appeal from an orphans' court distribution order (*per* Pa.R.A.P. 342).  Further, the order is not defined as appealable as of right (*per* Pa.R.A.P. 311), Appellant did not ask for or receive permission to appeal the order (*per* Pa.R.A.P. 312), and Appellant has not provided this Court with any argument as to whether – or how – the order could satisfy the collateral order doctrine (*per* Pa.R.A.P. 313).